**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY EDWARD PETERSEN,** | ) | |
| **ID # 16424-077,** | ) | |
|              Movant, | ) | |
| vs. | ) | No. 3:11-CV-3568-L-BH |
| | ) | No. 3:07-CR-0337-L |
| **UNITED STATES OF AMERICA,** | ) | |
|              Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* filed December 27, 2011 (doc. 1), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Federal inmate Larry Edward Petersen (movant) challenges his federal conviction and sentence in Cause No. 3:07-CR-0337-L. The respondent is the United States of America (Government).

**A.    Arrest, Conviction and Sentencing**

On November 8, 2007, movant was charged by indictment with: 1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count one); and 2) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) (count two) (*See* doc. 1). He pled not guilty and was tried before a jury on April 14-16, 2008.

According to the trial testimony, movant and his common-law wife were arrested in the early morning hours of October 12, 2007, in Midlothian, Texas, during a traffic stop. A police officer observed movant's home for a period of time, followed a truck and car that left the residence, and

ultimately stopped the pick-up truck in which movant and his wife were riding while the car fled the scene. (R. 1:53-66). At the time of his arrest, movant had $5800 in his wallet and 1.58 grams of methamphetamine in his cigarette box. (R. 1:68; R. 2:147-48, 302). Later that day, a metal cylinder containing over eighty grams of methamphetamine was found in the grass by the road close to where movant's truck was stopped (R. 1:74-8; R. 3:301). Eight days later a resident of Midlothian found a .357 Ruger silver revolver in the grass beside the road on which movant's truck was traveling shortly before his arrest. (R. 1:40-46; R. 2: 220).

Movant waived his Miranda rights after the arrest and spoke to the police three separate times; portions of the videos from those interviews were shown at trial. Movant initially denied that he possessed a firearm as a felon and that the cannister of methamphetamine belonged to him. Eventually, he admitted that the methamphetamine belonged to him, and that he asked his wife to throw it out the window while he was driving. He also admitted that he had possessed several firearms, including a .38 Ruger that he had disposed of earlier that day in the dumpster by a Home Depot store. (R. 1:118-21; R. 2:146-60). Movant's description of the gun he owned was very similar to the gun that was found in the grass several days later, and the police searched the trash cans and dumpster at the Home Depot and found no gun. A firearms expert testified that .357 and .38 caliber revolvers look very similar and can use the same ammunition. (R. 2:160-79). A police officer who is well-versed in illegal drug activity testified that in his experience, methamphetamine is sold in amounts of less than one gram for personal use, and that possession of eighty grams of methamphetamine indicates an intent to distribute and sell the drug. (R. 2:305-12).

Movant was convicted on both counts in the indictment. (doc. 38). After a sentencing hearing on January 21, 2009, movant was sentenced to 120 months' confinement on count one and 240 months' confinement on count two, to be served concurrently, and a four-year term of

supervised release. (doc. 56). He appealed his convictions and sentence, and the Fifth Circuit affirmed in an unpublished opinion on June 23, 2010. *United States v. Petersen*, No. 09-10078 (5th Cir. June 23, 2010). His petition for writ of certiorari was denied by the Supreme Court on June 20, 2011. *Petersen v. United States*, No. 10-6667 (U.S. June 20, 2011).

**B.     Substantive Claims**

Movant asserts the following claims:

(1)  his trial attorney rendered ineffective assistance of counsel by failing to file a motion to suppress based on the alleged illegality of the traffic stop and arrest; and

(2) his appellate counsel rendered ineffective assistance of counsel by failing to argue on appeal that there was insufficient evidence to support his conviction for being a felon in possession of a firearm

(*See* Motion at 6-7). The Government filed a response brief on March 27, 2012. (*See* Resp. Opp'n Mot. (Resp.)). Movant filed a reply brief on May 29, 2012.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted

3

error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant asserts that his trial counsel provided ineffective assistance by failing to file a motion to suppress based on the alleged unconstitutionality of the traffic stop and his warrantless arrest.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant

must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant contends that his trial attorney was ineffective for failing to move to suppress evidence seized at movant's arrest. He claims that the record of the trial does not clearly establish that the police officers had reasonable suspicion to stop his car and or that they had probable cause to make a warrantless arrest. (Memorandum at 21-37).

The government did not present evidence at trial about the reason that a police officer watched movant's house and then followed the vehicles that left that house because of the danger

of undue prejudice to movant. The reason that movant was watched and followed by police was discussed at length in hearings held outside the presence of the jury concerning whether movant's videotaped statements would be presented to the jury in their entirety. The Midlothian police had become interested in movant as the suspect of an aggravated kidnaping. (R. 1:122-27; R. 2:143). According to the presentence report, Midlothian police officers responded to a call at the fire department and met with the alleged kidnaping victim, Douglas Golden, on October 11, 2007. Golden told the officers that earlier that day, movant lured him to a Home Depot in Balch Springs, pointed a gun at him, hit him in the face with the gun, and forced him to drive to movant's house. At the house, movant accused Golden of burglarizing his house a couple of weeks earlier and stealing $20,000 and four ounces of methamphetamine, but he agreed to resolve the matter if the items were returned. Movant permitted Golden to call his brother and then leave afterwards but threatened to "come after" Golden and his father if Golden did not return the stolen property the following day. (PSR ¶¶ 11, 12, 13). The Midlothian police then set up the covert surveillance of movant's house, where a truck and car were observed leaving at approximately 1:30 a.m. the following day. (PSR ¶ 14).

A police officer has the constitutional authority to make a traffic stop where he has a "reasonable and articulable suspicion that a person has committed a crime." *Untied States v. Santiago*, 310 F.3d 336, 340 (5th Cir. 2002). If the traffic stop is justified at its inception, an officer does not violate a suspect's Fourth Amendment if his subsequent actions are "reasonably related in scope to the circumstances that caused him to stop the vehicle in the first place." *United States v. Pack*, 612 F.3d 341, 350 (5th Cir. 2010). Furthermore, a warrantless arrest is justified if the arresting officers had probable cause to believe that the defendant had committed either a felony or misdemeanor crime. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *United States v.*

*Watson*, 273 F.3d 599, 602 (5th Cir. 2001). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. *Watson*, 273 F.3d at 602, *quoting United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). The officer making the arrest need not have direct knowledge of all of the facts establishing probable cause, as long as he has been in communication with the officer who does have direct knowledge of the facts. *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007).

At the time that movant's truck was stopped, the police had a reasonable suspicion that someone in one of the two vehicles that left movant's house had committed the crime of aggravated kidnaping. Once movant's truck was stopped, the police officer took the reasonably related action of identifying movant. Once the police officer positively identified movant, he had probable cause to arrest movant for aggravated kidnaping. The officer also took the reasonably related action of checking movant's background information when it was determined that he was driving with a suspended license. At that point, the officer also had probable cause to arrest movant for misdemeanor driving with a suspended license. (*See* PSR ¶ 14).[1] Had defense counsel filed a motion to suppress, the police officers could have testified at the suppression hearing about the crime that movant was believed to have committed that led to their investigation of him. While the record of the trial itself does not contain all of the information supporting the constitutionality of the traffic stop and arrest, given the discussions outside of the presence of the jury, movant has not established that defense counsel was ineffective for failing to file a motion to suppress the evidence obtained as a result of movant's arrest. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel

---

[1] While the arresting officer was not the investigating officer for the aggravated kidnaping case, the investigating officer testified at trial that he was in contact with the arresting officer during the surveillance of movant's house and the traffic stop and met him at the scene of the traffic stop. (R. 1:111-16).

cannot be deficient for failing to press a frivolous point.").

Even if the traffic stop and arrest were determined to be unconstitutional, the cannister of methamphetamine and the gun would not have been suppressed because "it is settled law that one has no standing to complain of a search or seizure of property he has voluntarily abandoned," and these items were voluntarily abandoned by the side of the road prior to the stop and arrest. *United States v. Alvarez*, 6 F.3d 287, 289 (5th Cir. 1993). Because movant confessed to possession of both the methamphetamine and the firearm, and the drugs and firearm were admissible evidence, he has not shown a reasonable probability that he would not have been convicted of both charges even had a motion to suppress had been filed. Movant has failed to establish that his trial attorney provided ineffective assistance of counsel under the *Strickland* standard, and this claim should be denied.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant asserts his appellate counsel was ineffective for failing to argue on direct appeal that the evidence to support his conviction for being a felon in possession of a firearm was insufficient because the sole evidence of his guilt was his own statement that he was guilty of possession a .38 caliber revolver, rather than the .357 revolver that was subsequently found by the side of the road. He also claims that the evidence is insufficient because he admitted to disposing of the gun at a Home Depot, not by the side of the road, and a search of the car that left the scene of the traffic stop revealed a gun case that could hold a .357 caliber weapon. (Mem. at 37-41).

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274

F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

A defendant's confession that he has committed a crime, standing alone, is not sufficient evidence to support a conviction. *United States v. Sterling*, 555 F.3d 452, 455 (5th Cir. 2009). The government must also introduce independent evidence that would tend to support the defendant's confession. *United States v. Deville*, 278 F.3d 500, 506 (5th Cir. 2002). This independent evidence need not be sufficient on its own to prove a defendant's guilt, but must instead "tend to connect the accused with the crime," and "[c]orroboration is satisfied if the accused by his confession demonstrates knowledge of the time, place, or method of the offense." *Id*. at 506-07.

Movant's confession that he possessed a stainless steel .38 caliber Ruger revolver was corroborated by the stainless steel .357 caliber Ruger revolver that was found by the side of the road on which movant's truck was observed shortly before his arrest. The government presented additional corroborating testimony regarding the similarities between .357 caliber and .38 caliber firearms. Movant's claim that he disposed of the gun earlier, or the fact that a gun case was found

in the car that left movant's house, does not call into question the sufficiency of the evidence to support his conviction because the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses," and evidence is not deemed insufficient on appeal based on the existence of conflicting evidence. *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). Movant's appellate counsel was therefore not ineffective for failing to raise as an issue on appeal the sufficiency of the evidence to support his conviction for possession of a firearm. *See United States v. Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal). Movant's second ground is without merit and should be denied.

## V.  RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

**SIGNED this 10th day of December, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE