IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY HOWARD PETERSEN,** § | |
| **ID # 16424-077,** § | |
| § | |
| Movant, § | |
| v. § | Civil Action No. **3:11-CV-3568-L** |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

**ORDER**

Before the court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed by Larry Edward Petersen ("Petersen" or "Movant") on December 27, 2011. The case was referred to Magistrate Judge Irma C. Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on December 10, 2012, recommending that the motion be denied with prejudice. After extending the deadline to file objections, Petersen timely filed objections to the Report on January 8, 2013.

This action, brought pursuant to 28 U.S.C. § 2255, challenges Movant's criminal convictions for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count one); and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) (count two). Petersen pled not guilty and was tried before a jury on April 14-16, 2008. He received a sentence of 120 months imprisonment on count one, and 240 months on count two, with both sentences to run concurrently. He also received a three-year term of supervised release for count one, and a four-year term of supervised release on count two, with both terms of

supervised release to run concurrently. His conviction and sentence were affirmed on direct appeal, and the Supreme Court denied *certiorari*.

Petersen raises two claims of ineffective assistance of counsel. Specifically, he contends that he received ineffective assistance of counsel due to: (1) his trial counsel's failure to file a motion to suppress based on the alleged illegality of the traffic stop and arrest; and (2) his appellate counsel's failure to argue on appeal that there was insufficient evidence to support his conviction for being a felon in possession of a firearm. The magistrate judge determined that Petersen's trial and appellate counsel did not provide ineffective assistance of counsel and recommends denying Petersen's motion.

Petersen objects to the Report in its entirety. Petitioner appears to argue that the magistrate judge mischaracterized and misapplied the law, and as such, the court should reject the Report in full. The court does not agree. Petersen's objections are devoid of any legal merit.

The court agrees with the magistrate judge that the traffic stop of Petersen's vehicle was legal. The police officer had reasonable suspicion to believe that someone in one of the two vehicles that left Movant's house had committed the crime of aggravated kidnapping as a result of a 911 call received earlier that day. That the police officer did not determine Movant's name or that he was driving on a suspended license until after he was already placed under arrest is quite beside the point. Had Petersen's counsel filed a motion to suppress, the government likely would have presented this evidence of the kidnapping investigation, and the court would have likely concluded that the stop was legal and denied his motion. Petersen has not established by a reasonable probability that, had trial counsel moved for suppression, the motion would have been granted and thus, would have altered the outcome of his case. Moreover, the court inquired at trial about a motion to suppress, and

the kidnapping was then mentioned to the court. Allowing the jury to hear information regarding the kidnapping and assault could have been prejudicial to Petersen. Petersen's counsel, rather than opening the door to evidence that arguably could have been unduly prejudicial to his client, perhaps elected not to pursue the issue. Such a tactical decision by Petersen's counsel would not be unreasonable under the circumstances. The court therefore **overrules** this objection.

Further, the court disagrees with Petersen that had his appellate counsel challenged the sufficiency of the evidence supporting his firearm conviction, there is a reasonable probability that he would have prevailed on his appeal. Movant states that he confessed that he possessed a .38 revolver, not a .357 Ruger revolver, which is the firearm that was later recovered along the path he drove before being stopped by police officers. Petersen argues that his confession was not corroborated because a .357 caliber and .38 caliber firearm are different kinds of guns. Contrary to what Petersen asserts, the court believes his confession was adequately corroborated. At trial, the government did not rely solely on Petersen's confession to make its case on count one. A gun was recovered similar to the one described by Petersen, and the government presented independent testimony regarding the similarities between a .357 caliber and a .38 caliber firearm. The court believes that there was sufficient evidence to support the confession to allow the jury to consider it, and the jury, as Petersen acknowledges, retains the sole authority to weigh any conflicting evidence. Because Petersen has failed to that there is a reasonable probability that he would have been successful on appeal had appellate counsel challenged the sufficiency of the evidence to support his conviction for felon possession of a firearm, the court also **overrules** this objection.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate

judge are correct, and **accepts** them as those of the court. Accordingly, Petersen's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is **denied** and **dismissed with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 31st day of January, 2013.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　United States District Judge